# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 3475 | **DATE** | 1/10/2013 |
| **CASE TITLE** | *Alexander v. Yurkovich* | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Alexander's petition for habeas relief under 28 U.S.C. § 2254 [5, 17, 26] is denied. The Court declines to issue a certificate of appealability as stated below. Civil case terminated.

■ [ For further details see text below.]

Docketing to mail notices.

## STATEMENT

    Petitioner Tyrone Alexander filed a petition for relief under 28 U.S.C. § 2254. For the reasons stated below, the motion is denied.

**Background**

    In October 2006, following a bench trial in the Circuit Court of Cook County, petitioner was convicted of possession of a controlled substance with intent to deliver and was sentenced to sixteen years imprisonment. (Resp.'s Ex. A). On direct appeal, Alexander was represented by the Illinois Appellate Defender's Office ("Office"), which filed an agreed motion for summary disposition of his appeal. Specifically, the Office asked the Appellate Court to correct the mittimus in the case because it incorrectly stated that Alexander was convicted of manufacturing and delivering cocaine instead of possessing with intent to deliver. (Resp.'s Ex. B). Alexander then filed motions to "withdraw" his attorney on the ground that Alexander wanted to raise a sufficiency of the evidence claim on appeal but that his lawyer told him it would be meritless. (Resp.'s Ex. C.) The motion to "withdraw" his attorney was denied on December 20, 2007. (Resp.'s Ex. E.) On or around December 21, 2007, Alexander filed a motion to file a brief on appeal pro se but did not list any arguments he intended to raise in his pro se brief. (Resp.'s Ex. D.) On January 28, 2008, the Appellate Court granted the earlier-filed agreed motion for summary disposition. (Resp.'s Ex. G.) Then, on April 10, 2008, the Appellate Court entered an order stating that while Alexander had filed a motion to file a brief pro se, the appeal had been disposed of on January 28, 2008, and therefore it did not have jurisdiction over Alexander's motion. (Resp.'s Ex. F.)

    On or around January 14, 2009, Alexander filed a pro se "Motion for Late Leave to Appeal Pursuant to Supreme Court Rule 315." (Resp.'s Ex. H.) In that motion, Alexander stated that in a November 29, 2007 conversation with his appointed counsel, it was understood that appointed counsel was not to file any

**STATEMENT**

paperwork on Alexander's behalf. (*Id.*) In the same motion, however, he states that in late December 2007, he had received a letter from the Administrative Attorney for the Illinois Appellate Court assuring him that his appointed counsel would be filing a brief on his behalf.[1] (*Id.*) Finally, he states that he was never informed by either his court-appointed lawyer or the Appellate Court that his appeal had been closed so that he could have filed a petition for rehearing. (*Id.*) Alexander concludes by stating that because he was never informed that his appeal had been closed, he was denied meaningful appellate review and effective assistance of counsel. (*Id.*)

On March 20, 2009, the Illinois Supreme Court denied his January 14, 2009 motion for leave to file a late petition for leave to appeal ("PLA") (Resp.'s Ex. I), and denied the motion for reconsideration on May 28, 2009 (Resp.'s Ex. J.) Alexander filed a petition for a writ of certiorari to the United States Supreme Court on August 22, 2009 (Resp.'s Ex. K), which was denied on January 11, 2010. (*Id.*) Alexander did not file a motion for post-conviction relief in state court (Resp.'s Ex. L) and the time for doing so has expired. 725 Ill. Comp. Stat. 5/122-1(c) (defendant who seeks certiorari with the United States Supreme Court must file for post-conviction relief no more than 6 months after the conclusion of proceedings in the Supreme Court).

On May 21, 2010, Alexander filed two petitions for a writ of habeas corpus and the cases were consolidated. After being directed to file an amended petition with all of his claims, Alexander filed the petition currently at issue, which contains the following eight claims:

- insufficient evidence
- conviction was based on "impeached evidence"
- trial judge relied on facts not in evidence
- trial judge violated the sentencing statute by sentencing him as a Class X offender
- selective prosecution
- evidence was insufficient to establish that the narcotics weighed more than one gram
- denial of due process based on appellate counsel's failure to submit an appellant's brief or file a motion to withdraw
- denial of a fair trial

**Analysis**

A.  <u>Statute of Limitations</u>

The respondent contends that Alexander's petition is untimely. Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), prisoners generally have one year from the conclusion of direct review of their conviction in which to file a habeas petition. 28 U.S.C. § 2244(d). Under § 2244(d):

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant

was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or ther collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Because the facts in this case do not support application of subsections (B), (C), or (D), the one-year statute of limitations begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Here, the Illinois Appellate Court entered an order granting Alexander's motion for summary disposition on January 28, 2008. (Resp.'s Ex. G). Alexander then had thirty-five days, or until March 3, 2008, to file a timely petition for leave to appeal to the Illinois Supreme Court. Ill. Sup. Ct. R. 315(b). He did not do so; thus, his conviction became final under § 2244(d)(1)(A) on March 3, 2008, and he had one year, or until March 3, 2009, to file his federal habeas petition. 28 U.S.C. § 2244(d)(1). Because Alexander did not file his petition until May 21, 2010 (Dkt. # 5), it is untimely under § 2244(d)(1).

The fact that Alexander filed a motion for leave to file a late petition for leave to appeal with the Illinois Supreme Court on January 14, 2009, which was ultimately denied, does not alter this conclusion. *Dorsey v. Hulick*, No. 07 C 2240, 2008 WL 2168738, at *2 (C.D. Ill. May 22, 2008) ("An ultimately denied motion to file a late PLA does not extend the accrual date of the one-year limitation period set forth in § 2244(d)(1)."); *Aponte v. Sternes*, No. 03 C 8926, 2004 WL 2533791, at *2 (N.D. Ill. Sep. 28, 2004) ("Aponte's motion to file a late petition for leave to appeal, which was denied, does not extend this [final judgment] date").

*Equitable Tolling*. The statute of limitations may be equitably tolled "only if [the petitioner] shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, ⎯⎯ U.S. ⎯⎯, ⎯⎯, 130 S. Ct. 2549, 2562 (2010) (internal quotation marks omitted).

Alexander asserts that he was not informed that his appeal had been dismissed on January 28, 2008. However, in a March 17, 2008 letter that Alexander attaches to his reply brief, an administrative attorney from the Illinois Appellate Court stated that on January 28, 2008, the court had granted his Agreed Motion for Summary Disposition and that the mandate on his appeal had been issued and the appeal closed. (Pet.'s Rep. Supp. Habeas Pet., Ex. J). The March 17, 2008, letter further indicates that a copy of the January 28, 2008 order was being included. (*Id*.) Instead of filing a motion for state post-conviction relief, which tolls the statute of limitations, 28 U.S.C. § 2244(d)(2), or a federal habeas petition, on March 28, 2008, Alexander filed with the Illinois Appellate Court a "Motion for Leave to File Brief and Argument Pro Se" in which he states that he "was never properly informed by this Court that his Appeal was closed." (Pet.'s Rep. Supp. Habeas Pet., Ex. K, ¶ 17.) The Illinois Appellate Court issued an order on April 10, 2008 stating that because it had lost jurisdiction over the appeal since a petition for rehearing had not been filed within 21 days of the appeal being decided, the Motion for Leave to File Brief and Argument Pro Se was not being considered. (Resp.'s Ex. F.)

**STATEMENT**

Alexander attaches to his habeas petition a November 14, 2008 letter, again from the administrative attorney at the Illinois Appellate Court, which states "[i]n response to your recent inquiry regarding the motion you submitted in March 2008 for leave to file a pro se brief, enclosed please find an additional copy of the Court's April 10, 2008 order regarding your motion." (Pet.'s Rep. Supp. Habeas Pet., Ex. M.) Again, however, instead of filing a motion for state post-conviction relief or a federal habeas petition, Alexander filed his motion for leave to file a late PLA on January 14, 2009, which was denied on March 20, 2009 and the petition for rehearing was denied on May 28, 2009. He then filed a petition for certiorari to the United States Supreme Court on August 22, 2009, which was denied on January 11, 2010.

Even assuming that Alexander was not aware until March 28, 2008 (the date he filed his Motion for Leave to File Brief and Argument Pro Se with the Illinois Appellate Court) that his appeal had been dismissed and that such lack of knowledge provides a basis for equitable tolling, he did not file a petition for leave to appeal to the Illinois Supreme Court within 35 days of March 28, 2008, or by May 2, 2008. Instead, as already noted, he filed a motion for leave to file a pro se brief with the appellate court and did not file his motion for leave to file a late PLA until approximately eight months later. (Resp.'s Ex. F.) Therefore, the judgment was final on May 2, 2008, and he had one year from that date, or May 2, 2009, to file his federal habeas petition, but he did not do so until May 21, 2010.

Alexander has not pointed to any extraordinary circumstances that prevented him from filing a timely habeas petition; thus, no basis for equitable tolling exists.

B.  Procedural Default

Moreover, Alexander's claims are procedurally defaulted. In order to be eligible for federal habeas relief from a conviction in Illinois state court, the petitioner must assert each claim for which he seeks relief to both the Illinois Appellate Court and the Illinois Supreme Court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Smith v. McKee*, 598 F.3d 374, 383 (7th Cir. 2010). The petitioner must present his federal claims to the state courts by asserting both the law and the facts underlying them. *Byers v. Basinger*, 610 F.3d 980, 985 (7th Cir. 2010). If the petitioner fails to properly present his claims through one complete round of appeals in the state court, he has procedurally defaulted. *Boerckel*, 526 U.S. at 853-54.

Here, Alexander failed to complete a full round of the appellate process in Illinois as he did not file a timely motion for leave to file a PLA and his motion for leave to file a late PLA was denied. (Def.'s Ex. I.) Nor did he file a motion for post-conviction relief.

Procedural default may be excused upon a showing of cause and prejudice or if "he can establish that the denial of relief will result in a miscarriage of justice." *Lewis v. Sternes*, 390 F.3d 1019, 1026 (7th Cir. 2004) (citations omitted). Alexander does not allege nor does he establish that the denial of habeas relief in this case will result in a fundamental miscarriage of justice; thus, the Court denies excuse from procedural default on that ground. Cause sufficient to excuse a procedural default means "some objective factor external to the defense" which precludes the petitioner's ability to pursue his claim in state court. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). But, where ineffective assistance of appellate counsel is asserted as cause for a procedural default, the petitioner must fairly present the assertion to the state courts as an independent claim. *Edwards v. Carpenter*, 529 U.S. 446, 452–54 (2000); *Lewis*, 390 F.3d at 1026. While Alexander sought to raise an ineffective assistance of appellate counsel claim in his motion for leave to file a late PLA, that motion was denied, and, as already noted, Alexander did not file a motion for state post-conviction relief. Thus, because Alexander did not present the ineffective assistance of appellate counsel claim through a

**STATEMENT**

complete round of state court review, it cannot serve as a basis to excuse his procedural default.

**Conclusion**

For these reasons, Alexander's petition for habeas relief under 28 U.S.C. § 2254 [5, 17, 26] is denied. Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the court must issue or deny a certificate of appealability "when it enters a final order adverse to the applicant." When a petition is dismissed as untimely, a certificate of appealability should issue only if reasonable jurists would find the petition's timeliness "debatable." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because the untimeliness of Alexander's petition is not debatable, a certificate of appealability is denied. *Id*. ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted.").

---

1. The letter, attached as Exhibit 4 to Alexander's Amended Petition, informs him that the Illinois Appellate Court did not grant his motion to "withdraw" his attorney, instructs him that if he ever is allowed to proceed pro se, he can submit handwritten briefs and concludes by stating "since it appears that your attorney will be filing a brief, that brief can serve as an example for any future briefing opportunities." (Pet.'s Ex. 4 to Am. Pet.)